United States District Court
Southern District of Texas
**ENTERED**
July 07, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROTIMI OWOEYE, *Plaintiff*, | § | |
| v. | § | CASE NO. 4:26-CV-1652 |
| CAPITAL FUND I, LLC, *Defendant*. | § | |

**JUDGE DENA PALERMO'S**
**REPORT AND RECOMMENDATION**

This is a *pro se* foreclosure case. ECF No. 1. Before the Court is Defendant's motion to dismiss, ECF No. 5, filed on April 1, 2026.[1] Plaintiff failed to respond to the motion. The Court ordered Plaintiff to file a response to the motion to dismiss by June 17, 2026. To date, Plaintiff has not complied with the Court's directives. Because Plaintiff failed to prosecute this action and comply with the Court's orders, the Court recommends that the case be dismissed under Federal Rule of Civil Procedure 41(b).[2]

## I. BACKGROUND

Defendant made a commercial loan to Plaintiff, secured by Plaintiff's property located at 3502 Europa Street, Houston, TX 77022. Following Plaintiff's default on

[1] The district judge to whom this case is assigned referred all pre-trial proceedings to the undersigned. Referral Order, ECF No. 6.

[2] The district judge to whom this case is assigned referred all pre-trial proceedings to the undersigned. Referral Order, ECF No. 6.

the loan, Defendant commenced foreclosure efforts, and on January 29, 2026, Plaintiff filed an Original Petition seeking to stop foreclosure. ECF No. 5. Defendant conferred with Plaintiff regarding the deficiencies with his pleading, and the parties agreed that Capital Fund would abstain from filing a dispositive motion to allow Plaintiff time to amend his Original Petition. ECF No. 3. On March 18, 2026, Plaintiff filed an amended complaint. ECF No. 4. On April 1, 2026, Defendant filed a motion to dismiss. ECF No. 5. Plaintiff's response was due April 22, 2026. Plaintiff did not respond. The Court ordered Plaintiff to respond by June 17, 2026. ECF No. 8. In the order, the Court warned Plaintiff that failure to respond to the motion to dismiss may result in his case being dismissed for want of prosecution. ECF No. 8. To date, Plaintiff has not responded to the motions to dismiss. In fact, Plaintiff has not filed anything in the case since filing his amended complaint, the subject of the motions to dismiss. ECF Nos. 4, 5.

## II. PLAINTIFF'S LAWSUIT SHOULD BE DISMISSED FOR WANT OF PROSECUTION.

Federal Rule of Civil Procedure 41(b) provides that if "the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *Castillo v. Becka*, No. 2:21-CV-00162, 2022 WL 5264612, at *2 (S.D. Tex. Aug. 31, 2022), *adopted*, No. 2:21-CV-00162, 2022 WL 5264650 (S.D. Tex. Oct. 6, 2022) (quoting Fed. R. Civ. P. 41(b)). Pursuant to this rule, the Court "has the inherent authority to dismiss an action *sua sponte* for

failure to prosecute, with or without notice to the parties," which flows from the Court's "inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (quoting *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (*per curiam*); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962))). The decision to dismiss under Rule 41(b) is reviewed for abuse of discretion. *Lancon v. Stafflink, Inc.*, No. CIVILACTIONH182051, 2019 WL 1046951, at *2 (S.D. Tex. Feb. 5, 2019), *adopted*, No. CV H-18-2051, 2019 WL 1040980 (S.D. Tex. Mar. 5, 2019) (citing *Link,* 370 U.S. at 633; *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982)).

Generally, a dismissal for want of prosecution is without prejudice. *Castillo*, 2022 WL 5264612, at *3 (*Ray v. Johnson & Johnson*, No. 1:20-CV-129-DMB-RP, 2021 WL 1030987, at *1 (N.D. Miss. Mar. 17, 2021)). "[A] dismissal with prejudice for failure to prosecute is an extreme sanction which is to be used only when the integrity of the judicial process is threatened by plaintiff's conduct in such a way that the court is left with no choice except to deny that plaintiff its benefits." *Id.* (citing *Gist v. Lugo*, 165 F.R.D. 474, 477 (E.D. Tex. 1996) (citing *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988))). Rule 41(b) dismissal is "an extreme sanction" which requires: (1) a clear record of delay or contumacious conduct by Plaintiff; and (2) a finding that lesser sanctions would be, or proved to be, futile. *See*

*id.* (citing *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1191 (5th Cir. 1992); *McNeal v. Papasan,* 842 F.2d 787, 790 (5th Cir. 1988)). Frequently, the Court requires proof of at least one aggravating factor: (1) the delay is caused by the Plaintiff and not Plaintiff's attorney, (2) Defendants were actually prejudiced because of the delay, or (3) the delay is intentional. *Lancon*, 2019 WL 1046951, at *2 (*Papasan,* 842 F.2d at 790; *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985)).

In the months since filing, Plaintiff has not filed a response to the motion to dismiss despite the Court's order to do so. Plaintiff has not corresponded with the Court since March 2026. ECF No. 4. These facts constitute a clear record of delay Plaintiff's failure to prosecute this case has caused. *Castillo*, 2022 WL 5264612, at *2 ("Dismissal is warranted, because Plaintiff failed to update the Court regarding her search for new counsel, failed without excuse to attend a scheduled hearing, failed to respond to Defendant's motion to dismiss, and failed otherwise to communicate with the Court.") (citing *Gilmore v. Guild Mortg. Co., L.L.C.*, No. 1:21-CV-00621-MAC-ZJH, 2022 WL 2712385, at *1 (E.D. Tex. Feb. 22, 2022), *adopted*, No. 1:21-CV-00621, 2022 WL 2712382, at *1 (E.D. Tex. Mar. 10, 2022) (dismissal appropriate under Rule 41(b) where the plaintiff failed to confer with the defendant and failed to respond to the motion to dismiss); *Douglas v. Zabransky*, No. H-18-4168, 2019 WL 3628748, at *1 (S.D. Tex. July 18, 2019), *adopted*, 2019

WL 3570451, at *1 (S.D. Tex. Aug. 5, 2019) (dismissal warranted where the plaintiff failed to comply with court orders, failed to respond to the motion to dismiss, and did not appear at a scheduling conference); *Connely v. City of Pascagoula*, No. 1:11-CV-293-HSO-JMR, 2013 WL 2182944, at *2 (S.D. Miss. May 20, 2013) (granting a motion to dismiss for want of prosecution where the plaintiffs failed to take action in the case, contact the court, and comply with court orders); *Martin v. Gilbert*, No. 1:12-CV-327-HSO-RHW, 2013 WL 4014990, at *2 (S.D. Miss. Aug. 6, 2013) (same)).

The Court unsuccessfully admonished Plaintiff, a lesser sanction. In the order discussed above, the Court warned Plaintiff that his failure to respond may result in the case being dismissed for lack of prosecution. Also in this order, the Court extended Plaintiff's deadline to respond, permitting Plaintiff months to respond—again, futile efforts. The Court is not convinced that monetary sanctions would have any effect, considering Plaintiff's *pro se* status. *See Lancon*, 2019 WL 1046951, at *3. In sum, the Court finds that sanctions other than dismissal would be pointless. It appears that Plaintiff has abandoned his suit.

Moreover, the Court recommends that Plaintiff's case be dismissed with prejudice. Because Plaintiff is a *pro se* litigant, the delay is his fault, and further, his failure to respond to the motion, despite an order and ample time to do so, cannot be characterized as anything but intentional. *See Lancon*, 2019 WL 1046951, at *3.

Accordingly, the Court recommends dismissing this case with prejudice, in accordance with Federal Rule of Civil Procedure 41(b). *See Castillo*, 2022 WL 5264612, at *2.

## III. CONCLUSION

The Court **RECOMMENDS** that this lawsuit be **DISMISSED WITH PREJUDICE** under Federal Rule of Civil Procedure 41(b).

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Ortiz v. San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on July 7, 2026, at Houston, Texas.

**Dena Hanovice Palermo**
**United States Magistrate Judge**